# FOR PUBLICATION

FILED & ENTERED

JUL 21 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - Riverside Division

| | |
|---|---|
| In re<br><br>Steve William Nolan,<br><br>    Debtor. | Case No. 6:19-bk-17161-SC<br><br>Chapter 7<br><br>**ORDER AND MEMORANDUM DECISION OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION**<br><br>Date:  June 23, 2020<br>Time:  11:00 a.m.<br>Courtroom: 5C |

On May 21, 2020, Chapter 7 Trustee, Karl T. Anderson, ("Trustee") filed a Motion (the "Objection") objecting to the homestead exemption claimed by Steven W. Nolan ("Debtor") in real property located at 19300 Rising Sun Road, Corona, CA 92881 ("Property") [Dk. 41]. Debtor filed an opposition on June 9, 2020 [Dk. 45], and Trustee filed a reply on June 16, 2020 [Dk. 46]. A hearing was conducted on June 23, 2020, at 11:00 a.m. Appearances are as noted on the record. Having carefully considered the pleadings, arguments raised at the hearing, and the record as a whole, the Court took the matter under submission.

The issue before the Court is whether Debtor is entitled to claim an automatic homestead exemption in the Property under California law, where Debtor does not hold title to the Property; rather, an irrevocable trust for which Debtor is a beneficiary, and was trustee at the time of filing, holds title to the Property. As set forth more fully below, the Court finds that while Trustee's arguments are well-considered, under the unique facts of this case, joined with a review of the applicable statutes, the legislative history and policy behind the California homestead exemption statutes, and in anticipation of how the California Supreme Court would rule were this question to be presented to it, Debtor has met his burden to demonstrate that Debtor's beneficiary interest, coupled with his residency in the Property, is reachable by judgment creditors, thus entitling Debtor to claim an automatic homestead exemption.

Therefore, Trustee's Objection to Debtor's claimed homestead exemption is hereby OVERRULED.

## I.   BACKGROUND

On May 20, 1993, William B. Nolan ("Father") established a revocable living trust ("Trust") with the third and final amendment dated April 28, 2012. The plain language of the Trust reads:

> Upon the death of the Trustor, the Trustee shall make specific distributions…. The Trustee shall pay out of the trust estate all debts then outstanding at the death of the Trustor, not including any mortgage or expense on real property but including federal or state taxes, last illness and funeral expenses, and any other costs or expenses incurred in administering the estate of the Trustor, whether in trust or not. The Trustee shall distribute to Gregory J. Nolan an amount equal to then-owed by the Trustor on a loan obtained by Trustor for the benefit of Steven J. Nolan…less twenty-three thousand dollars. The Trustee shall then distribute the remaining trust estate as herein provided….
>
> After the death of the Trustor, the Trustee shall divide the trust estate into as many equal shares as there are children of the Trustor….

>Any share allocated to a living child of the Trustor shall be distributed to that child, free of trust.

Objection, Exhibit 2 [Dk. 41].

On December 6, 2016, Father recorded a quitclaim deed transferring the Property from himself to the Trust. Father died on January 21, 2017, with two surviving sons, Gregory J. Nolan ("Brother") and Debtor, who each became 50% beneficiaries of the Trust. The Property was merely one of the assets, albeit apparently the largest, included in the Trust.[1]

Upon Father's death, Debtor became trustee of the Trust and continued to reside on the Property, but did not distribute the Trust assets. On July 1, 2019, Brother filed a verified petition in probate court seeking to compel an accounting of the Trust assets, remove Debtor as trustee, and appoint a new trustee for the Trust ("Probate Action"). Objection, Exhibit 3 [Dk. 41].

The Probate Action was stayed on August 15, 2019 ("Petition Date"), when Debtor filed his voluntary Chapter 7 bankruptcy petition. In his schedules, Debtor listed the Property with a value of $500,000.00, claiming an equitable interest of 50% in the "equity in the Property" (listed as $250,000.00)[2] and acknowledging that title to the

---

[1] At the June 23, 2020 hearing (11:26 a.m.), Debtor's counsel represented that the Property was the only asset held in the Trust. However, the language of the Trust, itself, indicates that the Trust included real property *and* personal property assets, such as "all personal property" and bank accounts. See Opposition, Exhibit 3 [Dk. 41].
[2] At the June 23, 2020 hearing (11:28 a.m.), Debtor's counsel represented that the Property is encumbered by a deed of trust for $350,000.00, leaving approximately $125,000.00 - $130,000.00 of equity (after transaction costs) to be divided between Debtor and Brother.

3

Property was held in the Trust.[3] Additionally, Debtor listed a $75,000.00 homestead exemption[4] in the Property pursuant to Cal. Civ. Proc. Code § 704.730.

On November 20, 2019 [Dk. 21], Debtor's brother obtained relief from stay, unopposed by Debtor, to continue the Probate Action. The probate court ultimately removed Debtor as trustee of the Trust in its order dated December 18, 2019, appointing Brother as the successor trustee. Objection, Exhibit 4 [Dk. 41].

## II.    DISCUSSION

### A.    The legal underpinnings of California's automatic homestead exemption illustrate the interests to be covered thereunder.

California has opted out of federal exemptions, electing to utilize exemptions enacted under state law. 11 U.S.C. § 522(b); Cal. Civ. Proc. Code § 703.130. Therefore, exemption questions in California bankruptcies require the application of California law. *In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015).

The California legislature enacted homestead exemption laws "to protect the sanctity of the family home against a loss caused by a forced sale by creditors…[and] ensure that insolvent debtors and their families are not rendered homeless by virtue of an involuntary sale of the residential property they occupy…." *Amin v. Khazindar*, 112 Cal. App.4th 582, 588 (Cal. Ct. App. 2003). As such, there is a strong public policy toward adopting "a liberal construction of the law and facts to promote the beneficial purposes of the homestead legislation to benefit the debtor." *Id.*

---

[3] Debtor provided the following information regarding the Property in his Schedule A/B: "Title to property is held in Trust. Debtor is a beneficiary in the trust, due to receive 50% of equity in the property and the other 50% to be paid to Debtor brother, Gregory Nolan."

[4] The amount of Debtor's claimed homestead exemption is not included in Trustee's objection, and so is not an issue presently before the Court.

In California, a debtor may obtain the benefits of a homestead exemption either by recording a declaration of homestead (Cal. Civ. Proc. Code § 704.910 - § 704.995),[5] or through an automatic homestead exemption (Cal. Civ. Proc. Code § 704.710 - § 704.850).[6] The automatic homestead exemption is what is at issue in this case. The automatic homestead exemption protects a debtor from forced judicial sales of a debtor's dwelling. *In re Diaz*, 547 B.R. 329, 334 (B.A.P. 9th Cir. 2016). "The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption." *Id.*

The declared homestead exemption statutes were created first. However, "the Legislature was quite obviously concerned with the large number of homeowners who were not receiving the benefits of the homestead because of their ignorance of the law or their failure to satisfy the technical requirements for declaring a homestead." *In re Gilman*, 608 B.R. 714, 722 (Bankr. C.D. Cal. 2019) (citing *San Diego White Truck Co. v. Swift*, 96 Cal. App.3d 88, 92 (Cal. Ct. App. 1979)). To solve this problem, the legislature created the automatic homestead exemption. *Id.*

Additionally, the California legislature sought to broaden the interests protected by the automatic homestead exemption as compared to the interests covered by its predecessor, the declared homestead. An examination of the differences between the

---

[5] The provisions relating to the declared homestead exemption are set forth throughout several statutes, however, the process is most clearly defined in Cal. Civ. Proc. Code § 704.920, which provides as follows: "A dwelling in which an owner or spouse of an owner resides may be selected as a declared homestead pursuant to this article by recording a homestead declaration in the office of the county recorder of the county where the dwelling is located. From and after the time of recording, the dwelling is a declared homestead for the purposes of this article."

[6] The provisions pertaining to the automatic homestead exemption are likewise found throughout a range of statutes. Cal. Civ. Proc. Code § 704.710(c) (the full text of which is referenced later in this decision) applies the automatic homestead to a judgment debtor's "principal dwelling," and sets requirements for residency and the attachment of a lien to the dwelling. Cal. Civ. Proc. Code § 704.720 further provides that "a homestead is exempt from sale…to the extent provided in Section 704.800…[and] [i]f a homestead is sold under this division…the proceeds received as compensation for a homestead acquired for public use are exempt in the amount of the homestead exemption provided in Section 704.730."

two statutory exemptions further illustrates this intent. For example, the declared homestead is expressly limited to an "interest in real property (whether present or future, vested or contingent, legal or equitable) that is a 'dwelling' as defined in Section 704.710, but does *not* include a leasehold estate with an unexpired term of less than two years or *the interest of the beneficiary of a trust*." Cal. Civ. Proc. Code § 704.910(c) (West) (emphasis added). There is no express limitation on the interests of the beneficiary of a trust in the automatic homestead, which, as set forth below, is problematic for Trustee's position. Instead, the automatic homestead defines a homestead as "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead," making no qualifying statement as to the interests covered under the statutory exemption. Cal. Civ. Proc. Code § 704.710(c).

The Legislative Committee Comments to the automatic homestead exemption statute, Cal. Civ. Proc. Code § 704.720, while not a model of clarity, reveal that interests of the beneficiary of a trust are included in the scope of the exemption. Cal. Civ. Proc. Code § 704.720 (West).

> Unlike the former provisions, Section 704.720 does not specify the interest that is protected and does not limit the homestead in a leasehold to a long-term lease; *any interest sought to be reached by the judgment creditor in the homestead is subject to the exemption*. The homestead exemption does not apply where a lien on the property other than an enforcement lien is being foreclosed.

Legislative Committee Comment to Amended Cal. Civ. Proc. Code § 704.720 (West) (*emphasis added*).

While the California legislature expanded the scope of interests covered under the protection of the automatic homestead exemption, the foregoing also demonstrates that any additional interest to be included within the expanded scope, and therefore the type of interest upon which a homestead exemption can be asserted, must be an "interest sought to be reached by the judgment creditor in the homestead." *Id.* By doing so, the legislature maintained the inherent requirement that a homesteader may exempt only an interest to which a judgment creditor could attach an enforcement lien under California state law.

As fully set forth below, a judgment creditor of a beneficiary to a trust may attach an enforcement lien to real property trust res. This underscores the legislature's intent to include a debtor's beneficiary interest in a trust within the scope of interests entitled to an automatic homestead exemption, even if it is the trust that holds the title to the real property.

**B.     Debtor meets his burden to establish that his homestead exemption in the Property is properly claimed.**

Generally, "the exemption claimant has the burden of proof." Cal. Civ. Proc. Code § 703.580(b). "A more nuanced burden governs homestead exemptions." *Tallerico*, 532 B.R. at 780. Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, unless a declared homestead has been recorded. Cal. Civ. Proc. Code § 704.780(a). In the instant case, Debtor has not recorded a declaration of homestead, instead citing Cal. Code Civ. Pro. § 704.730 in his schedules and relying on the automatic homestead exemption. Therefore, Debtor has the burden of proving his entitlement to the automatic homestead exemption under California law.

As previously stated, an automatic homestead exemption may be claimed in "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead." Cal. Code Civ. Proc. § 704.710(c). The word "dwelling" as used in the statute "means a place where a person *resides*..." Cal. Code Civ. Proc. § 704.710(a) (emphasis added). There is no question that Debtor resides in the Property. Thus, having satisfied the requirement of residency, Debtor must establish that his interests in the Property are of the kind contemplated by the automatic homestead statutes.

An exemption may be claimed "from property of the estate...." 11 U.S.C. § 522(b)(1). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Courts must look to state law to determine "the nature and extent of a debtor's interest in property." *Abele v. Modern Fin. Plans Servs., Inc.*, (*In re Cohen*), 300 F.3d 1097, 1104 (9th Cir. 2002).

Debtor asserts that on the Petition Date, Debtor had full vested legal title by virtue of his role as trustee of the Trust, equitable interest in the Property by virtue of his beneficiary status, and that even if those interests were insufficient, his residency in the Property at all relevant times entitled him to claim an automatic homestead exemption.[7]

---

[7] Debtor also initially argued that the Objection was untimely; however, Debtor's counsel withdrew this argument at the June 23, 2020 hearing (11:43 a.m.). Debtor's 341(a) meeting concluded on April 22, 2020 [Dk. 40]. The Objection was filed within 30 days after the conclusion of that meeting of creditors pursuant to Fed. R. Bankr. Proc. 7003(b)(1).

As explained more fully below, Debtor has met his burden of proof to demonstrate that his interests in the Property are sufficient to claim a homestead exemption.

### 1. Debtor's legal interest in Property, stemming from his role as trustee of the Trust, does not entitle him to claim a homestead exemption.

It is unrefuted that the title to the Property is held by the Trust, and not by Debtor.[8] It is further agreed that Debtor was trustee of the Trust on the Petition Date. While principles of equitable conversion may vest a trustee with legal title of trust property, *Reagh v. Kelley*, 10 Cal. App. 3d 1082, 1097 (Cal. Ct. App. 1970), a trustee's vested legal interest is subject to the trustee's fiduciary obligations to the trust's beneficiaries. *Lynch v. Cunningham*, 131 Cal. App. 164, 170–71 (Cal. Ct. App. 1933).

As noted above, the legislature intended to expand the scope of interests which could be homesteaded when creating the automatic homestead. The caveat, unlike the exclusion regarding leasehold interests and beneficial trust interests included in the declared homestead statute, was that the interest be subject to an enforcement lien. A judgment lien attaches to a judgment debtor's interest in real estate, not to bare legal title. *In re Weilert*, 2016 WL 3771905, at *3 (B.A.P. 9th Cir. 2016) (citing *Davis v. Perry*, 120 Cal. App. 670, 676 (1932) ("The law is well settled that the lien of a judgment does not attach to a naked title but only to the judgment debtor's interest in the real estate; and if he has no interest, though possessing the naked title, then no lien attaches")).

---

[8] Title to the Property is held in the Trust itself, and not in the name of the trustee of the Trust. A trust is "a fiduciary relationship with respect to property" and not a person that may fall "within the statutory definition of a judgment debtor." *Portico Mgmt. Grp., LLC v. Harrison*, 202 Cal. App. 4th 464, 469, 136 Cal. Rptr. 3d 151, 155 (2011) (holding that a judgment against a trust could not be enforced when the judgment was entered against a trust, as opposed to its trustees).

1   Additionally, a debtor's bankruptcy estate does not include any power that the debtor may exercise solely for the benefit of another. 11 U.S.C. § 541(b)(1). Therefore, "something held in trust by a debtor for another is neither property of the bankruptcy estate under section 541(d), nor property of the debtor for purposes of section 547(b)." *In re Unicom Computer Corp.*, 13 F.3d 321, 324 (9th Cir. 1994) (finding that a debtor's temporary possession of misdirected funds was not property of the estate because the debtor held the funds in constructive trust for the rightful owner); *see also In re Cutter*, 398 B.R. 6, 19 (B.A.P. 9th Cir. 2008), aff'd, 468 F. App'x 657 (9th Cir. 2011) ("something held in trust by a debtor for another is neither property of the bankruptcy estate under section 541(d), nor property of the debtor"); *Begier v. I.R.S.*, 496 U.S. 53, 59 (1990) (finding a property that a debtor holds in trust for another is not property of the estate under section 541 nor is it "property of the debtor" under section 547); *Foothill Capital Corp. v. Clare's Food Market, Inc.* (*In re Coupon Clearing Service, Inc.*), 113 F.3d 1091, 1099 (9th Cir.1997) (holding that a property held in trust by debtor for another is not estate property). Thus, based on the foregoing legal authority, any legal title which may have been vested in Debtor solely as trustee of the Trust on the Petition Date would not be subject to an enforcement lien or included for purposes of Debtor's bankruptcy estate.

  Debtor is both trustee and a beneficiary of the Trust, and while "[p]owers that a debtor who is trustee of a trust may exercise for his or her *own* benefit become property of the estate," *Cutter*, 398 B.R. at 19 (emphasis added), it is unclear what becomes property of the estate where the debtor is trustee and a *partial* beneficiary of a trust. In *Cutter*, a trust was deemed property of the estate because the debtor was the settlor, trustee, and beneficiary, and could, at his sole discretion, invade and make distributions

from the trust. *Id.* Likewise, in *Weilert,* the Court explained that "although the legal title to the [property] was held by [debtor] as trustee," debtor's other interests as beneficiary and settlor of the trust allowed debtor to retain "full control over and benefit of the [property] in the same manner as if the trust did not exist," and so the distinction between property owned by the trust and property owned by the debtor was collapsed. *In re Weilert*, 2016 WL 3771905, at *9 (B.A.P. 9th Cir. 2016).

The logic presented in *Cutter* and *Weilert* does not neatly extend to the circumstances before this Court. Debtor did not settle the Trust, and the Trust is not revocable. As trustee, Debtor was not granted the power to distribute Trust assets for his own benefit and at his sole discretion. Rather, Debtor's rights as trustee are bound by the terms of the Trust itself, which he may not change.

Debtor's bare legal title coupled with his partial beneficiary interest may have conveyed some type of elevated hybrid equitable interests into the Estate; however, after thoroughly researching the topic and finding no supporting legal authority for such a proposition, or, reasoning to the contrary, this Court does not find it necessary or appropriate to collapse the interests here.[9] Therefore, Debtor's "ownership" of the Property, as a result of holding bare legal title on the Petition Date, does not entitle him to the use of the homestead exemption.

//
//
//
//

---

[9] As fully set forth below, the Debtor's beneficiary interest is sufficient to entitle Debtor to use a homestead exemption.

**2. Debtor's beneficiary interest in the Trust, where title to the Property is held, entitles Debtor to claim a homestead exemption in the Property.**

As stated above, Debtor is a 50% beneficiary of the Trust. To the extent a debtor holds a beneficial interest in a trust, that beneficial interest becomes property of the estate. 11 U.S.C. § 541(a)(1) and (c)(2); *Cutter*, 398 B.R. at 19.

As noted above, the automatic homestead exemption, unlike the exclusion regarding leasehold interests and beneficial trust interests included in the declared homestead statute, was meant to encompass any interest subject to an enforcement lien. Thus, the California legislature extended protection to beneficiary interests if the beneficiary interest was subject to an enforcement lien. California law provides that "judgment creditors of the beneficiary of an express trust may reach his or her interests in that trust…by means of a special enforcement procedure." *Fid. Nat'l Title Ins. Co. v. Schroeder*, 179 Cal. App. 4th 834, 850 (Cal. Ct. App. 2009).[10] Cal. Civ. Proc. Code § 709.010(b) provides the statutory mechanism for enforcement against a judgment debtor's beneficial interest in a trust:

> The judgment debtor's interest as a beneficiary of a trust is subject to enforcement of a money judgment only upon petition under this section by a judgment creditor to a court having jurisdiction over administration of the trust as prescribed in Part 5 (commencing with Section 17000) of Division 9 of the Probate Code. The judgment debtor's interest in the trust may be applied to the satisfaction of the money judgment by such means as the court, in its discretion, determines are proper, including but not limited to imposition of a *lien on or sale of the judgment debtor's interest*, collection of trust income, and *liquidation* and transfer of *trust property* by the trustee.

Cal. Civ. Proc. Code § 709.010(b) (emphasis added).

---

[10] While Cal. Civ. Proc. Code § 697.340(a) states that a "judgment lien on real property does not reach…the interest of a beneficiary under a trust," the statute's Legislative Committee Comments state the following: "For procedure for reaching the interest of a trust beneficiary, see Section 709.010."

The Legislative Committee Comments to Cal. Civ. Proc. Code § 709.010 illustrate that the process may reach "specific trust assets…pursuant to court order applying the interest or assets to satisfaction of the judgment."

"[T]he automatic stay triggered upon commencement of a bankruptcy case generally prohibits creditors from taking any action against estate property (e.g., to enforce a judgment, obtain possession of estate property, or perfect a lien)." *Blech v. Blech*, 38 Cal. App. 5th 941, 954 (Cal. Ct. App. 2019), reh'g denied (Sept. 4, 2019), review denied (Oct. 30, 2019). However, a bankruptcy trustee, standing as a hypothetical lien creditor, can reach a debtor's beneficiary interests by the procedure set forth in Cal. Civ. Proc. Code § 709.010. *Carmack v. Reynolds*, 2 Cal. 5th 844, 851 (Cal. Ct. App. 2017).

This interpretation is supported by case law, which allows homesteading based on equitable interests. In *Donaldson*, the debtors' possessory interest in a property, obtained by continuous residence in the property throughout the bankruptcy proceeding and a colorable claim to ownership at the time of the filing, was sufficient to qualify them for an automatic exemption, despite the fact that they lost title to the property in a prepetition foreclosure. *In re Donaldson*, 156 B.R. 51, 52 (Bankr. N.D. Cal. 1993). In *Tarlesson*, debtor's continuous occupancy of the property was a sufficient equitable interest to claim an automatic homestead exemption, despite the judgment debtor's temporary conveyance of the property's title to a related party. *Tarlesson v. Broadway Foreclosure Invs., LLC*, 184 Cal. App.4th 931, 937 (Cal. Ct. App. 2010). In *Hopson*, the court indicated that a debtor who claimed a "non-exclusive, unrecorded life estate" in her daughter's home might be entitled to qualify for a homestead exemption, "even if [debtor] cannot establish all of the legal requirements for a life estate," because all that

1  was required is an "equitable or possessory interest, coupled with residency." *In re
2  Hopson*, 2019 WL 1002499, at *3 (C.D. Cal. 2019); *see also In re Fuentes*, 687 F. App'x
3  542, 544 (9th Cir. 2017) ("[i]f the residency requirements are satisfied, a judgment
4  debtor can claim a homestead exemption in the interest he or she has in the property,
5  regardless of whether the judgment debtor's interest is a fee, leasehold, or lesser
6  interest") (internal quotations and citations omitted); *Elliott v. Weil* (*In re Elliott*), 523
7  B.R. 188, 196 (9th Cir. BAP 2014) ("the [California] automatic homestead exemption
8  applies to any interest in the property if the debtor satisfies the continuous residency
9  requirement").

Likewise, this Court's interpretation of the interests defined within the automatic homestead exemption is consistent with other California laws related to property interests. For example, partition laws govern the right to divide real property into separate portions based on the proportionate interests of the property owners. In California, a "partition action may be commenced and maintained by…[a]n owner of an estate of inheritance, an estate for life, or an estate for years in real property where such property or estate therein is owned by several persons concurrently or in successive estates." Cal. Civ. Proc. Code § 872.210(a)(2). Courts have determined that an owner's "equitable interest" in real property is sufficient to maintain a partition action. *Powers v. Powers*, 221 Cal. App. 2d 746, 750 (Cal. Ct. App. 1963)[11]; *see also Lin v. Jeng*, 203 Cal. App. 4th 1008, 1019 (Cal. Ct. App. 2012) (where the trial court partitioned a residence based on the parties' equitable interests as beneficiaries of a trust despite the parties'

---

[11] The *Powers* Court relied on Cal. Civ. Proc. Code § 752, which was superseded by Section 872.210 (the current law on commencement of a partition action and referenced above). The Legislative Committee Comments to § 872.210 state that "Subdivision (a)(2) supersedes the first portion of former Section 752 relating to real property. The former provision, while covering many of the usual cases, was unduly restrictive." It follows that the *Powers* holding, which originally applied to Section 752, would be applicable to its successor statute, especially in light of the Legislature's clear intent to expand the statute to ownership interests previously restricted by § 752.

lack of title). If a party's equitable interest in real property as a beneficiary of a trust legally entitles that party the right to seek partition, then it follows that a party's equitable interest in real property as a beneficiary of a trust would also be reachable by judgment creditors.[12]

In light of the foregoing, Trustee, as a hypothetical lien creditor, could have sought to attach a lien on the Property by way of Debtor's beneficiary interest in the Trust. Therefore, Debtor's beneficiary interest, coupled with his residency in the Property, falls within the scope of the automatic homestead exemption, especially when adopting "a liberal construction of the law and facts to promote the beneficial purposes of the homestead legislation." *Amin*, 112 Cal. App. 4th at 588.

### C. Trustee's arguments do not demonstrate a valid statutory basis for denial of the exemption.

As cited in the Objection, only a "valid statutory basis" is sufficient grounds to deny a debtor's homestead exemption. *Elliott*, 523 B.R. at 194. For the reasons explained below, while attractive on their face, Trustee's arguments, on the whole, do not provide a valid statutory basis upon which the Court may deny Debtor's homestead exemption.

Trustee asserts that Debtor's role as trustee of the Trust afforded Debtor an interest in bare legal title, which is an insufficient interest upon which to claim a homestead exemption. For the reasons stated above, the Court agrees. Trustee also argues that Debtor's beneficiary interest in the Property is merely an interest in personal property, not a real property interest sufficient to claim a homestead exemption, and

---

[12] As mentioned above, Brother initiated a Probate Action against Debtor (then-trustee of the Trust). Brother's verified petition states: "[d]espite Petitioners numerous requests to sell the Real Property and distribute the assets, Trustee has refused and has failed to even partition the property and distribute Petitioner's interest in the Real Property to him as a beneficiary of the Trust." Objection, Exhibit 3 [Dk. 41].

that Debtor's residency in the Property does not elevate his interest such that the homestead exemption may be properly claimed. On its face, Trustee's argument has an initially appealing (no pun intended) perspective. However, upon close reexamination of the relevant statutes, legislative history, asserted public policy, and noting the clear expansion of the types of interests exemptible under the automatic homestead, this Court finds a more nuanced analysis is required and that Trustee's argument cannot prevail.

Trustee correctly asserts that whether the interest of the beneficiary of a trust is deemed a real or personal interest depends on the intention of the settlor. 60 Cal. Jur. 3d Trusts § 72. Generally, the interest of the beneficiary in a trust is personal property if the trust res is personalty and real property if it is realty. *Id.* Where, however, real property is conveyed to a trustee with directions to sell it, equitable conversion generally occurs, and the beneficial interest in the trust is considered personal property. *Id.* (*citing Lynch*, 131 Cal. App. at 173).

In the instant case, the assets of the Trust include personal and real property interests. The plain language of the trust does not expressly require a sale or direct the trustee to liquidate the real property and divide the proceeds, instead stating that the beneficiaries will obtain "distributions."

> Upon the death of the Trustor, the Trustee shall make specific distributions…. The Trustee shall pay out of the trust estate all debts then outstanding at the death of the Trustor, not including any mortgage or expense on real property but including federal or state taxes, last illness and funeral expenses, and any other costs or expenses incurred in administering the estate of the Trustor, whether in trust or not. The Trustee shall distribute to Gregory J. Nolan an amount equal to then-owed by the Trustor on a loan obtained by Trustor for the benefit of Steven J. Nolan…less twenty-three thousand dollars. The Trustee shall then distribute the remaining trust estate as herein provided….

>   After the death of the Trustor, the Trustee shall divide the trust estate into as many equal shares as there are children of the Trustor….
>
>   Any share allocated to a living child of the Trustor shall be distributed to that child, free of trust.

Objection, Exhibit 2 [Dk. 41] (emphasis added). However, and most importantly, even if the Trust did require a sale or liquidation, thus rendering the beneficiary's interest in the Property held by the Trust a personal property interest, absent a clear directive from the California Supreme Court, Trustee does not show that this distinction is relevant to the *automatic* homestead statute.[13]

Trustee argues that "[u]nder the plain language of the homestead exemption statute on which the Debtor appears to be relying, he can only claim a homestead exemption in an interest in the Property itself, which could be considered a dwelling. However, he holds no interest in the Property other than a beneficial interest in the Trust, which is nothing more than personal property." Objection, 7:15-19 [Dk. 41]. To support his argument, Trustee cites to *Phillips v. Gilman* (*In re Gilman*), 887 F.3d 956, 965 (9th Cir. 2018), *In re Gilman*, 608 B.R. 714, 720-21 (Bankr. C.D. Cal. 2019), and automatic homestead exemption statutes.[14] After thorough review and analysis, the Court finds that, contrary to Trustee's position, the cited authority does not stand for the proposition that Debtor's beneficial interest in the Trust, which holds title to the

---

[13] The distinction between personal and real property interests would be controlling were the Court's examination focused on the declared homestead exemption; however, it is the examination of the automatic homestead exemption, and not the declared homestead exemption, which is presently before this Court.

[14] See Objection, 7:4-14 [Dk. 41]: "A homestead exemption may only be claimed in 'the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.' Cal. Code Civ. Proc. § 704.710(c). The word 'dwelling' as used in the statute 'means a *place* where a person resides…' Cal. Code Civ. Proc. § 704.710(a) (emphasis added). The Ninth Circuit has stated that the court should 'consider the debtor's physical occupancy of the property and the intent to reside there' to determine whether the debtor resides in a particular dwelling. *Phillips v. Gilman* (*In re Gilman*), 887 F.3d 956, 965 (9th Cir. 2018); see also *In re Gilman*, 608 B.R. 714, 720-21 (Bankr. C.D. Cal. 2019) (Kaufman, J.)."

Property, is a personal property interest insufficient to claim a homestead exemption, for the reasons further explained below.

In *Gilman*, the court found that a debtor was entitled to automatically homestead a property he resided in, and intended to continue to reside in, despite the fact that the property was in escrow on a voluntary sale at the time of debtor's bankruptcy filing. *Phillips*, 887 F.3d at 965; *see also Gilman*, 608 B.R. at 720-21. In addition to being factually dissimilar from Debtor's situation, the cited cases do not demonstrate that the automatic homestead exemption is categorically inapplicable to any type of interest, including a personal property interest. Rather, the *Gilman* decisions, contain the same legal framework that has been relied upon by this Court,[15] and demonstrate that "the debtor's physical occupancy of the property and the intent to reside there" entitle the debtor to claim a homestead exemption despite lack of legal ownership. *Id.* at 721.

Turning to the statutory authority, while the declared homestead statute specifically excludes "the interest of the beneficiary of a trust," Cal. Civ. Proc. Code § 704.910(c), the automatic homestead does not. Cal. Code Civ. Proc. § 704.710(c). Rather, the legislature purposely shifted away from limiting the types of interest applicable to the automatic homestead exemption, stating that "[s]ection 704.720 does not specify the interest that is protected and does not limit the homestead in a leasehold to a long-term lease; *any interest sought to be reached by the judgment creditor in the homestead is subject to the exemption*." Legislative Committee Comment to Amended Cal. Civ. Proc. Code § 704.720 (West) (emphasis added). This further illustrates that the automatic homestead exemption was not intended to be narrowly applied, or categorically denied to certain types of interests, contrary to Trustee's argument.

---

[15] In fact, the Court cites to *In re Gilman*, 608 B.R. 714, 720-21 (Bankr. C.D. Cal. 2019) in its analysis above.

As stated above, and cited by Trustee, the automatic homestead defines a homestead as "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse *resided on the date the judgment creditor's lien attached to the dwelling*, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead." Cal. Civ. Proc. Code § 704.710(c) (emphasis added); Objection, 7:4-8 [Dk. 41]. Trustee does not refute that Debtor resides or intended to reside on the Property, or address that a bankruptcy trustee, as a hypothetical judgment creditor, may reach the Property being held in the Trust by virtue of Debtor's beneficiary interest in the Trust; therefore, the arguments presented by Trustee do not present a "valid statutory basis" sufficient to deny Debtor's homestead exemption.

### III.    CONCLUSION

For the foregoing reasons, this Court finds that Debtor has met his burden to show that Debtor's interests in the Property, by virtue of Debtor's beneficiary interest in the Trust holding title to the Property, and his residency in the Property, entitle him to claim an automatic homestead exemption under California law. Thus, Trustee's Objection to Debtor's claimed homestead exemption is hereby OVERRULED.

**IT IS SO ORDERED.**

###

Date: July 21, 2020

Scott C. Clarkson
United States Bankruptcy Judge